CARL C. SUMRALL V. STATE.

No. 25,979. October 29, 1952.

Hon. La Vern I. McCann, Judge Presiding.

*E. G. Pharr,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for violation of the liquor law with a fine of $500.00 and 90 days in jail.

There are no bills of exception in the record and the only contention made for reversal in appellant's brief is based on the insufficiency of the evidence.

The record discloses that the arresting officers went to appellant's residence and place of business, consisting of a Phillips 66 Service Station with residence rooms connected. It was

3 o'clock in the morning. Several other people were there. The officers were admitted into the house and informed appellant that they wanted to search his place again. He told them to go ahead. There is no question as to the legality of the search.

The constable directing the search testified that they found "108 pints and two fifths, five pints of gin, three cases of Blue Ribbon beer, 26 cans of beer and four pints of whiskey extra." Their loot was preserved and introduced in evidence before the jury.

As the officers approached they saw a box in the house. The door was locked in their face but they saw appellant's wife take this box and, after the door was opened and a search made, they found it at the back door. It contained four pints of whiskey and twenty-six cans of beer. The rest of the whiskey and beer was found in the turtleback of an old Chevrolet car parked about twenty feet from the back of the house.

Appellant testified in his own behalf and denied that he knew whose car it was parked in his back yard. He said he did not know it was there until the officers told him, but that it was not there when he closed up that evening. He denied knowing that the box was at the back of the house, and denied the positive statement made by the witness Thompson that it was the box seen in the house and which they saw his wife pick up. He said none of the liquor belonged to him and he did not know who it belonged to.

That the quantity of liquor described was found on the premises of appellant by the searching officers is not denied. The jury had a right to disbelieve his denial of the ownership, if they saw fit, and this they evidently did. The sufficiency of the evidence is forcefully challenged in appellant's brief and, no doubt, the same was as forcefully presented to the jury whose province it is to pass on such matters. It is sufficient to sustain the jury verdict and the judgment of the trial court is affirmed.